1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMOR M.-V.,<br><br>                                          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>                                          Defendant. | Case No.:  20-cv-2084-DEB<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES**<br><br>**[DKT. NO. 20]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees ("Motion") pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b). Dkt. No. 20. For the reasons set forth below, the Court **GRANTS** the Motion.

## I.       BACKGROUND

Plaintiff Amor M. filed this action seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability insurance benefits. Dkt. No. 1. The parties filed a Joint Motion to Remand, which the Court granted. Dkt. Nos. 15-16. The Clerk of the Court entered judgment in favor of Plaintiff. Dkt. No. 17. Pursuant to the parties' Joint Motion, the Court awarded Plaintiff $1,700.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. Nos. 18-19.

On remand, the Commissioner found Plaintiff disabled and awarded $127,518.00 in retroactive benefits. Dkt. No. 20. The Commissioner withheld $31,879.50 from the past due benefits in the event Plaintiff's counsel requested payment of fees. *Id.* at 6.

Through this Motion, Plaintiff's counsel, Young Cho, seeks $16,000.00 in attorney's fees (12.5% of the past due award) and requests the Court direct him to reimburse Plaintiff the $1,700.00 in EAJA fees awarded by the Court. Dkt. No. 20 at 20. The Commissioner does not object to the requested fee award and agrees the request "contravenes neither the fee agreement nor the statute." Dkt. No. 22.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 406(b), "a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

When determining a reasonable fee, district courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Courts must consider "whether the amount need be reduced, not whether the [lodestar] amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. "[A]n EAJA award offsets an award under Section 406(b)." *Gisbrecht*, 535 U.S. at 796.

## III.   DISCUSSION

Prior to filing this case, Plaintiff entered into a contingency fee agreement ("Fee Agreement") with the Rohlfing Law Firm. Dkt. No. 20-1. Plaintiff agreed to pay counsel a contingency fee of up to 25% of past-due benefits awarded by the Commissioner. *Id.*

Plaintiff's counsel now seeks an award of $16,000.00, less $1,700.00 that he would reimburse to Plaintiff for the EAJA fee award previously paid. Dkt. No. 20 at 6. The Court finds the fee request is reasonable. Plaintiff's counsel expended 9.7 hours before the district court. Dkt. No. 20 at 17-18. His efficient manner in handling the case saved time and led to a prompt resolution in his client's favor. "Neither the character of the representation nor the results the representative achieved suggest the unreasonableness of the fee sought." *Chapa v. Astrue*, 814 F. Supp. 2d 957, 962 (C.D. Cal. 2011) (citations and quotations omitted); *see also Crawford*, 586 F.3d at 1151 (finding the fee reasonable because counsels' performance was "excellent . . . [with] no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement[]"). Similarly, no reduction in the requested fee award is appropriate because there is no evidence of substandard performance or delay. *Crawford*, 586 F.3d at 1151 ("[N]o reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits.").

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** the Motion and awards the Rohlfing Law Firm $16,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel must reimburse Plaintiff $1,700.00 for EAJA fees awarded by this Court.

**IT IS SO ORDERED**.

Dated:  July 14, 2023

Honorable Daniel E. Butcher
United States Magistrate Judge